UNITED STATES (NEWPORT & C. BRIDGE CO. v.). See Case No. 10,186.

### Case No. 15,872.

UNITED STATES v. NEW YORK GUARANTY & INDEMNITY CO.

[8 Ben. 269.] [1]

District Court, S. D. New York. Dec., 1875.

INTERNAL REVENUE—FAILING TO MAKE RETURNS—PENALTY—ASSESSMENT OF TAX—PLEADINGS.

1. Under the provisions of sections 110 and 120 of the internal revenue act of June 30, 1864 (13 Stat. 277), as amended by the act of July 13, 1866 (14 Stat. 136), but one penalty is imposed for all failures to make the returns required to be made, prior to the commencement of a suit to recover penalties for such failure.

[Followed in U. S. v. Erie Ry. Co., Case No. 15,056; U. S. v. Brooklyn City & N. R. R., 14 Fed. 285. Cited in Re Snow, 120 U. S. 286, 7 Sup. Ct. 562.]

2. To a claim to recover a tax due under the internal revenue law, on an allegation that a less tax than was due had been paid, the defence was interposed, that the amount paid was determined to be the true amount by the assessor of internal revenue, and to this defence a demurrer was interposed. *Held*, that the defence was one which would more properly be passed on at the trial, and that the demurrer must be overruled.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

This case came before the court on a demurrer by the defendant to the second, fourth and sixth of the causes of action stated in the complaint, and a demurrer by the United States to the second defence set up in the defendant's answer. In the second cause of action on behalf of the United States, it was alleged that the defendant was a bank engaged in the business of receiving deposits as such, and that it became the duty of the defendant to render to the assessor of internal revenue for the proper district, monthly, for each month from November, 1865, to August, 1872, a true and accurate return of the amount of its deposits, with a declaration annexed thereto, and the oath of the president or cashier of the defendant, that the same contained a true and faithful statement of the amounts subject to tax; that the defendant had neglected to make such returns; and that thereby the defendant became liable, at the end of each of said months, to pay a penalty for each such neglect and refusal respectively, of two hundred dollars. The fourth cause of action was similar, for neglecting to make monthly returns of capital for each month from November, 1865, to December, 1872. In the sixth cause of action it was alleged, that it became the duty of every person having the care and management of said corporation defendant, to render to the assessor of internal revenue for the proper district, on or before the 10th of January, 1871, and on or before the 10th of August, 1871, and on or before the 10th of February, 1872, a true and complete return of the amount of income and profit declared in the preceding month and of the taxes thereon; that no person made such return, but the defendant made default in respect thereto; and that the defendant forfeited to the United States, for each such default, the sum of one thousand dollars.

The defendant demurred to these three causes of action, because several causes of action had been improperly united in each of said causes of action, each of them being for the recovery of numerous alleged penalties, each of which, if ever incurred, constituted a separate liability and cause of action, and the defendant, if liable at all, being liable for only one penalty for all the alleged violations of law charged in each cause of action respectively.

The provisions of the statute under which the claims for these penalties were made, were sections 110 and 120 of the internal revenue act of June 30, 1864 (13 Stat. 277), as amended by the act of July 13, 1866 (14 Stat. 136). By the first, third and fifth causes of action in the complaint, the United States sought to recover various amounts of taxes which were alleged to have become due under the provisions of the internal revenue law. The causes of action contained allegations that various amounts of taxes therein stated had become due; and that the defendant had paid certain smaller amounts and

was indebted for the remainder of the taxes unpaid. To these causes of action the answer of the defendant set up two defences, the second of which was, that the defendant was always ready to pay any tax which it was liable to pay; that, by the due determinations of the assessor of internal revenue of the proper district, the amount of tax which the defendant was liable to pay was fixed and determined at the amounts alleged to have been actually paid by the defendant; and that the defendant acted in good faith upon said determinations and the same ought to be binding on the plaintiffs. To this defence the plaintiffs interposed a demurrer.

R. M. Sherman, Asst. U. S. Dist. Atty.

William Allen Butler, for defendant.

BLATCHFORD, District Judge. I am of opinion that the provisions of section 110, respecting penalties for neglect to make return and payment of tax as to amount of deposits and capital, require only a single return to be made covering deposits and capital, and impose only one penalty of $200 for all neglects or defaults prior to the commencement of the suit. The penalty is not imposed for each and every refusal or neglect, but for any refusal or neglect. Nor is the case varied by the fact that the tax is required to be paid each month upon deposits and each month upon capital, and that the return of deposits and capital is required to be made monthly.

So, also, under section 120 respecting penalties for neglect to make return as to dividends, only one penalty of $1,000 is imposed for all defaults prior to the commencement of the suit. The demurrer of the defendant to the second, fourth and sixth causes of action is therefore allowed.

As to the demurrer of the plaintiffs to the second defence set up in the amended answer, I overrule the demurrer, on the ground that the defense is one which it is most proper should be passed upon at the trial.