UNITED STATES *v.* BROOKLYN CITY & NEWTOWN R. R.*

(*Circuit Court, E. D. New York.* November 13, 1882.)

1. INTERNAL REVENUE—FAILURE TO MAKE RETURNS OF INTEREST—PENALTY.
    Where an action was brought against a corporation under section 120 of the act of June 30, 1864, as amended by the act of July 14, 1870, (16 St. p. 260, § 15,) to recover penalties for failure to make return of interest and pay the tax on a bond of the defendant, *held,* that only one penalty is recoverable for all failures to make the required returns prior to the commencement of the action to recover penalties for such failure.

2. SAME—FAILURE TO PAY TAX ON EARNINGS.
    The same rule applies to penalties for failure to pay the tax on earnings and profits.

3. SAME—PLEADINGS.
    To constitute a cause of action under section 120, the complaint is sufficient if it aver either a dividend declared, or the earning of profits, which instead of being divided have gone to increase the surplus fund of the corporation.

*A. W. Tenney,* for plaintiff.

*Alexander & Green,* for defendant.

BENEDICT, D. J. The decision of the questions raised by the demurrer in this action has been delayed by reason of the suggestion that a decision of the principal points involved, by the supreme court

*Reported by R. D. & Wyllys Benedict.

of the United States, was about to be made. No such decision has yet been made, and as a determination of this case is now desired, I proceed to dispose of the demurrer. The amended complaint sets forth six separate causes of action. The first three causes of action are each a neglect to make return of interest and pay the tax on the interest due on a certain bond of the defendant. The first cause of action is the neglect and failure to make such return of the interest and pay the tax for the period from April to October, 1868. The second cause of action is a like failure for the period from October, 1868, to April, 1869; and the third cause of action is a like failure from April, 1869, to October, 1869. These counts are all founded upon section 120 of the act of June 30, 1864, as amended by the act of July 14, 1870, (16 St. at Large, p. 260, § 15,) and the only question raised in respect to them is whether the statute permits a separate penalty to be recovered for every failure to make return and pay the tax described, or whether the recovery must be limited to a single penalty for all failures prior to the commencement of the action. The language of the section upon which these counts are framed is the same in legal effect as that employed in section 122, which latter section was considered by BLATCHFORD, J., in *U. S.* v. *N. Y. Guaranty & Indemnity Co.* 8 Ben. 269, where it was held that the recovery must be limited to a single penalty for all failures prior to the commencement of the action. That ruling will be followed in this case, and accordingly it is held that upon the facts stated in the first three causes of action set forth in the complaint a single penalty and no more can be recovered.

The second three causes of action are alike, and consist of a neglect to make return and pay the tax on earnings and profits. In regard to these causes of action the ruling will be the same as that made in respect to the first three counts. Upon the facts stated in these counts no more than one penalty can be recovered.

An additional point is made in regard to the last three counts that the facts stated are insufficient to warrant any recovery. This objection is not well taken. To constitute a cause of action under this section the complaint is sufficient if it aver either a dividend declared or the earning of profits, which, instead of being divided, have gone to increase the surplus fund of the corporation. The complaint may, as I think, be considered to be sufficient within this rule.

Judgment for defendant on demurrer, with leave to amend.